UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 12-26087-JKO
Adversary Case No.: _____

IN RE:
VALOR CORPORATION OF FLORIDA

    Debtor.
_____/

DEFENSA, S.A.
a foreign corporation,

    Plaintiff,

v.

VALOR CORPORATION OF FLORIDA,
a Florida corporation,

    Defendant.
_____/

**DEFENSA, S.A.'S COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)A) AND 11 U.S.C. § 523(a)(4)**

    Plaintiff Defensa, S.A., by and through its undersigned counsel, hereby brings this action against Valor Corporation of Florida to determine the non-dischargeability of a debt pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4) (2011), and Rule 4007(a) of the Federal Rules of Bankruptcy Procedure.

**JURISDICTION AND VENUE**

    1.    This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523.

    2.    This is an adversary proceeding pursuant to Rule 7001(6) of the Federal Rules of Bankruptcy Procedure and a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

1

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES

4. Plaintiff Defensa, S.A. ("Defensa") is a *sociedad anonima* formed under the laws of the Republic of Guatemala, with a principal place of business at 6a Avenida 14-37, Zona 9, Guatemala City, Guatemala. Defensa is a distributor of, *inter alia*, firearms in Guatemala City, Guatemala.

5. Defendant Valor Corporation of Florida ("Valor") is a Florida corporation, with a principal place of business at 55 Sawgrass Corp. Pkwy, Sunrise, Florida 33325. Valor is a wholesale distributor of, *inter alia*, firearms in Florida.

## FACTS APPLICABLE TO ALL CLAIMS

6. Defensa started purchasing products from Valor in 2006.

7. In July 2011, Defensa placed a purchase order with Valor for the purchase of approximately 106 Smith & Wesson firearms, along with a variety of accessories (the "Product"). A copy of the Proforma sent by Valor to Defensa quoting the Product's price is attached hereto as Exhibit "A."[1]

8. On July 15, 2011, Defensa transferred $25,000.00 to Valor via wire transfer, which amount constituted approximately fifty percent (50%) of the purchase price of the Product. A copy of the wire transfer for $25,000.00 from Defensa to Valor is attached hereto as Exhibit "B."

9. In December 2011, Valor via its Export Manager, Ms. Adriana Pignone, told Defensa that the U.S. State Department's license for the export of the Product was about to

---

[1] The amount noted in the Proforma, $47,635.00 is different than the amount paid for the Product, $52,371.30, because the final Product included some accessories that were not reflected in the Proforma.

expire and that paying the total amount of the purchase price would guarantee an expedited delivery.

10. On December 7, 2011, Defensa transferred $27,371.30 to Valor via wire transfer. This payment completed the total purchase price for the Product, for a total of $52,371.30. A copy of the wire transfer for $27,371.30 from Defensa to Valor is attached hereto as Exhibit "C."

11. January arrived and Defensa did not receive the Product.

12. Valor, through Ms. Pignone, represented to Defensa that Smith & Wesson had not fulfilled the order for the Product, and therefore Valor was going to return to Defensa the funds it had wired to Valor for the purchase of the Product.

13. Defensa did not receive the funds at that time and has not received the funds to date.

14. Defensa made endless inquiries with Valor regarding the return of Defensa's funds.

15. On January 31, 2012, Defensa was informed by Mr. Dennis Garcia, Valor's Chief Financial Officer, that Defensa's funds had been used by Ms. Donna J. Newton, the owner of Valor, to pay outstanding debts to a financial institution.

16. On February 1, 2012, Ms. Pignone told Defensa that as a result of Valor's failure to supply the Product, Defensa had a credit with Valor for the amount of $52,758.30[2]. A copy of the February 1, 2012 e-mail by which Ms. Pignone confirmed the credit to Defensa is attached hereto as Exhibit "D."

17. Defensa, through its undersigned counsel, sent a formal demand letter to Valor and Ms. Newton for the return of Defensa's funds.

---

[2] The credit of $52,758.30 is greater than the $52,371.30 that was wire transferred by Defensa to Valor for the purchase of the Product, and may include a prior balance on Defensa's account.

3

18. To date, despite repeated demands, Valor has refused to return Defensa's funds, totaling $52,371.30

19. All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## FIRST CLAIM FOR RELIEF
### Violation of 11 U.S.C. § 523(a)(2)(A)

20. Defensa realleges each and every allegation set forth in Paragraphs 1 through 19 above, as if fully set forth herein.

21. In July and December 2011, Valor affirmatively represented to Defensa that it would provide Defensa with the Product in exchange for Defensa's advance transfer of $52,371.30 to Valor.

22. Valor induced Defensa to advance $52,371.30 under the false pretense that it was going to use the money to purchase the Product that was ordered by Defensa.

23. Instead, Valor intended to and did in fact misappropriate the $52,371.30 that was advanced by Defensa, for Valor's own use.

24. According to Valor's Chief Financial Officer, Valor used Defensa's $52,371.30 to pay off debts that were owed by Valor to a third-party financial institution.

25. Valor never purchased the Product from Smith & Wesson, and has failed to refund the $52,371.30 belonging to Defensa despite repeated demands for same.

26. Valor's false pretenses and its fraudulent conduct proximately caused Defensa to suffer loss in the amount of $52,371.30 in reasonable reliance on Valor's material misrepresentations and omissions.

27. Valor's debt to Defensa arises from money that was obtained by false pretenses, false representations, and actual fraud.

28. For the foregoing reasons, Valor's debt to Defensa, in the amount of $52,371.30 plus applicable interest, is not dischargeable under 11 U.S.C. §523(a)(2)(A).

**SECOND CLAIM FOR RELIEF**
**Violation of 11 U.S.C. § 523(a)(4)**

29. Defensa realleges each and every allegation set forth in Paragraphs 1 through 19 above, as if fully set forth herein.

30. In July and December 2011, Valor affirmatively represented to Defensa that it would provide Defensa with the Product in exchange for Defensa's advance transfer of $52,371.30 to Valor.

31. Valor knowingly made false representations for the purpose of inducing Defensa to transfer $52,371.30 to Valor's possession, with the intent to temporarily or permanently deprive Defensa of its property under false pretenses.

32. Defensa entrusted the $52,371.30 to Valor on the premise that Valor would purchase the Product ordered by Defensa.

33. Because Defensa entrusted Valor with its $52,371.30 to be used for the purchase of the Product, Valor was obligated to hold said funds in trust for the limited purpose of fulfilling the purchase order.

34. Valor undertook a fiduciary duty to Defensa when it induced Defensa to entrust $52,758.30 to Valor and when it took possession of the said funds.

35. Once in possession of Defensa's $52,371.30, Valor intentionally spent and used the entrusted funds to pay off debts Valor owed to a third-party financial institution, without Defensa's consent.

36. Valor never purchased the Product from Smith & Wesson, and despite numerous inquires and demands by Defensa, Valor has failed to return to Defensa its $52,371.30.

37. Valor breached its fiduciary duty to Defensa by using false pretenses to obtain and then misappropriate the $52,371.30.

38. Valor's fraudulent conduct and breach of fiduciary duty was the proximate cause of Defensa's pecuniary loss where Defensa entrusted Valor with the $52,371.30 in reasonable reliance on Valor's material misrepresentations and omissions.

39. Valor's debt to Defensa arises from money that was obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement and/or larceny.

40. For the foregoing reasons, Valor's debt to Defensa, in the amount of $52,371.30 plus applicable interest, is not dischargeable under 11 U.S.C. § 523(a)(4).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Defensa S.A. respectfully requests that this Court enter a judgment against Valor Corporation of Florida providing the following relief:

(a) Declaring that Valor's indebtedness to Defensa, in the amount of $52,371.30 plus applicable interest, is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(A) and/or 11 U.S.C. § 523(a)(4);

(b) Granting a non-dischargeable judgment in favor of Defensa against Valor in the amount of $52,371.30, plus pre-judgment and post-judgment interest as provided by law; and

(c) Granting such other and further relief as this Court deems just and proper.

Dated this 7th of August, 2012.

Respectfully submitted,

/s/ Patrick J. O'Connor

Patrick J. O'Connor
Florida Bar No. 0715778
**HARPER MEYER PEREZ HAGEN O'CONNOR & ALBERT LLP**
201 S. Biscayne Boulevard, Suite 800
Miami, Florida 33131
Telephone: +1 (305) 577-3443
Facsimile: +1 (305) 577-9921
Email: pjoconnor@harpermeyer.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Patrick J. O'Connor

**SERVICE LIST:**

Julie E. Hough, Esq.
Hough Law Group, P.A.
320 S.E. 11th Street
Fort Lauderdale, FL 33316
Telephone: (954) 239-4760
Facsimile: (954) 239-4761
Email: jhough@houghlawgroup.com

00084376